**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Robert Donald AHENAKEW, Defendant–Appellant.**

No. 12–30298.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted June 18, 2013.*

Filed June 20, 2013.

Laura Bissett Weiss, Assistant U.S., Office of the U.S. Attorney, Great Falls, MT, J. Bishop Grewell, Assistant U.S., Leif Johnson, Assistant U.S., USBI–Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Evangelo Arvanetes, Assistant Federal Public Defender, FDMT—Federal Defenders of Montana, Great Falls, MT, for Defendant–Appellant.

Before: TALLMAN, M. SMITH, and HURWITZ, Circuit Judges.

## MEMORANDUM **

Robert Donald Ahenakew appeals from the district court's judgment and challenges the 41–month sentence imposed following his guilty-plea conviction for burglary, in violation of 18 U.S.C. § 1153(a); and Mont.Code Ann. § 45–6–204(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Ahenakew contends that the district court erred by imposing a two-level enhancement under U.S.S.G. § 2B2.1(b)(4) because it was not reasonably foreseeable that Ahenakew's codefendant would possess a dangerous weapon. We review for clear error a district court's determination that acts by others were reasonably foreseeable for purpose of imposing a dangerous weapon enhancement, *see United*

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*States v. Lavender,* 224 F.3d 939, 941–42 (9th Cir.2000), and find none. The record, which indicated that Ahenakew knew that his codefendant always carried a knife, supports the district court's conclusion that it was reasonably foreseeable that Ahenakew's codefendant would possess a knife at the time of the burglary. *See Lavender,* 224 F.3d at 942; U.S.S.G. § 1B1.3(a)(1).

**AFFIRMED.**